**Dr. Richard HAEFNER, Plaintiff,**

**v.**

**COUNTY OF LANCASTER, PA, et al., Defendants.**

**No. 2:95mc41.**

United States District Court, E.D. Virginia, Norfolk Division.

March 4, 1996.

Dr. Richard Haefner, pro se and Douglas Dolfman, Philadelphia, PA, for Plaintiff.

Frank N. Cowan, Cowan & Owen, P.C., Richmond, VA, for Deponent.

### ORDER

PRINCE, United States Magistrate Judge.

This miscellaneous matter is pending in this Court pursuant to a Motion To Terminate Deposition filed by Edward Lewis, a witness, by counsel, whose deposition was taken in Chincoteague, Virginia, on December 9, 1995, and adjourned after two-and-a-half hours. In addition, plaintiff, *pro se,* filed Motion For Order Compelling Discovery in which he seeks leave to compel Edward Lewis to reappear for further questioning, and to compel Willis Dize, another witness, represented by the same counsel, to reappear for further questioning. The case in which the deposition was taken is pending in the Unit-

ed States District Court for the Eastern District of Pennsylvania, and is as styled above, as Civil Action No. 94–3366.

The amended complaint named twenty-eight defendants, who as individuals and entities allegedly acted and conspired to deprive plaintiff of rights secured by the Constitution and laws of the United States. In eighty-six paragraphs over twenty-two pages, the amended complaint alleges the same fifteen counts against all defendants. Among the named defendants are Chincoteague, Virginia Police Department, and Chief Dize, Chincoteague Police Department. Both were dismissed by an order entered on June 1, 1995, for lack of personal jurisdiction over them.[1]

The amended complaint, attached to the motion to terminate, had been filed by plaintiff, *pro se*. The Notice of Deposition of Dize, Lewis, and a third witness, Betty Howell, was filed in this Court on October 31, 1995, by plaintiff, *pro se*, with certification that copies were mailed to attorneys for twenty-three of the defendants. The notice set the depositions for November 25, 1995, at various times, at "Owl Motel and Restaurant, lobby, Rt. 13, Parksley, Virginia." On November 17, Dize and Lewis, by counsel, filed a motion to quash their subpoenas on the grounds that they were set for an unreasonable time (Thanksgiving weekend), place (a motel lobby), and with inadequate notice.[2] On December 9, the depositions of Dize and Lewis were taken, although the latter was terminated by his counsel. On December 14, Lewis filed his motion to terminate. Attached to the motion to terminate is a copy of a letter from George C. Werner, Esq., of Lancaster, Pennsylvania, attorney for six of the defendants, to Douglas L. Dolfman, Esq., of Philadelphia, dated December 4, acknowledging receipt of the latter's notice entering his appearance for plaintiff, and inquiring if Mr. Dolfman intended to proceed with the Dize and Lewis depositions on December 9.

The record in this Court contains no reference to any reply to that letter. Nevertheless, the motion to terminate states that counsel for Dize and Lewis learned that Mr. Dolfman was not going to attend the depositions, and that it was agreed that plaintiff could proceed *pro se*.[3] On December 26, plaintiff filed, *pro se*, Motion For Order Compelling Discovery, and Answer To "Motion To Terminate Deposition." Each had a certificate of mailing to the same attorneys representing the twenty-three defendants, and, in addition, to counsel for Dize and Lewis, and to Douglas Dolfman, Esq. "(counsel for Dr. Haefner in Pennsylvania.)" Finally, on February 6, 1996, plaintiff, *pro se*, filed Notice To The Court opposing oral argument on Lewis' motion to terminate, although none had been requested, on the ground, among others, that plaintiff's motion to compel is "unopposed, and must be granted[; and t]he motion to terminate is moot."

The Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania, responding to a telephone inquiry from the secretary to the undersigned magistrate judge, has informed this Court that Douglas L. Dolfman, Esq. and Christopher Evarts, Esq. are counsel of record for plaintiff in this action in that court.

■ A party represented by counsel has no automatic right to act as co-counsel, if ever he would be. Thus, for example, a party represented by counsel has no right to conduct part of his own case by filing pleadings, conducting depositions, arguing motions, or examining witnesses during trial. Local Rule 7(D) of the United States District Court for the Eastern District of Virginia provides as follows:

A practitioner from another state or the District of Columbia may, upon motion made in open court, be permitted to appear and conduct specific cases in association with a duly qualified member of the

---

1. A third Chincoteague defendant is J. Doe Number 3, a police officer who allegedly unlawfully searched the plaintiff's recreational vehicle. (Amended Complaint, Para. 41.) The witness, Edward Lewis, denied that he participated in the search. (Dep. Tr. 50.)

2. The motion to quash was resolved when an agreement was reached to reschedule the depositions for another time and place. The deposition of Betty Howell was not taken, apparently.

3. The motion is not clear concerning with whom the agreement was reached for plaintiff to take the depositions *pro se*.

bar of this Court.... Except where a party conducts his or her own case, no pleading or notice required to be signed by counsel shall be filed unless signed by counsel who shall have been admitted to practice in this Court....[4]

There is no case of Richard Haefner v. County of Lancaster, Pa., *et als* pending in this Court. The only matter in this Court involving that case is this miscellaneous file which was opened when plaintiff filed a notice of deposition on October 31, 1995. At that time he represented himself in the case pending in Pennsylvania.[5] Thereafter, there was no reason for the Clerk of this Court to be aware that when plaintiff filed his motion to compel and other pleadings in this miscellaneous file that he was represented by counsel in Pennsylvania.

■ The mere fact that counsel for Dize and Lewis was willing to submit his clients to sworn depositions conducted by a party in a case pending in another state in the absence of his counsel, does not confer on that party the right to appear *pro se* in this Court when he is, in fact, represented by counsel. For whatever bizarre reason plaintiff's counsel in Pennsylvania consented, encouraged, or otherwise approved his client's proceeding with the depositions in this State—assuming he knew of it—is also beside the point, and does not permit the filing of pleadings in this Court without local counsel. Therefore, the Court will not consider any pleading herein filed by plaintiff *pro se*.

■ The motion to terminate filed on behalf of Lewis is, however, an appropriate motion in view of the fact that the witness was subpoenaed to appear for his deposition, but not because plaintiff *pro se* was authorized to conduct the deposition, nor because Lewis' attorney consented to the deposition being conducted by plaintiff *pro se*. In other words, it appears that at the time the notice of deposition was filed, plaintiff appeared *pro se* in Pennsylvania. At the time the deposition was taken, plaintiff was represented by counsel. He had no right to conduct the deposition. Therefore, for that reason alone, Lewis has a right to have the deposition terminated even though his counsel agreed to it.[6]

■ If it is conceded for the sake of argument that plaintiff had a right to take the depositions *pro se*, the Court would, nevertheless, order the Lewis deposition terminated. The Court has reviewed the entire transcript and concludes that it is so mean-

---

4. Effective February 1, 1996, this rule is now part of Local Rule 6(D).

5. The Supervisor Deputy Clerk, Civil, of this Court would not consent to plaintiff's oral request by telephone to send three signed blank subpoenas to him for service. Local Rule 19(A) of this Court provides: "Parties appearing pro se may apply for subpoenas in their own behalf[. A]ll such requests by such party must be accompanied by a memorandum setting forth the names and addresses of witnesses or the documents requested and why and for what purpose or purposes." A $20 fee is required to accompany the application. Federal Rule of Civil Procedure 45 provides:

> (3) The clerk shall issue a subpoena, signed but otherwise in blank, to a party requesting it, who shall complete it before service. An attorney as officer of the court may also issue and sign a subpoena on behalf of
> (A) a court in which the attorney is authorized to practice; or
> (B) a court for a district in which a deposition or production is compelled by the subpoena, if the deposition or production pertains to an action pending in a court in which the attorney is authorized to practice.

Because there was no case pending in this court when plaintiff made his telephone request, and because Fed.R.Civ.P. 45(a)(3)(B) authorizes an *attorney* to issue subpoenas in one district for cases pending in another, the Supervisor referred plaintiff's application to the undersigned pursuant to Local Rule 19(I) ("[w]henever there is a question as to whether or not a subpoena in blank should be issued by the Clerk, the applicant shall be referred to a judge of this Court for a final determination"). The undersigned authorized issuance of the subpoenas, without payment of a fee, only upon the filing of a notice of depositions certified by the clerk of the Eastern District of Pennsylvania as having been filed in that court.

6. According to the transcripts of the Dize and Lewis depositions, no party to the case in Pennsylvania was represented at their taking, excepting the plaintiff's attempted *pro se* appearance. This Court can only guess why. In any event, if any attempt is made to use either of the depositions in the case in Pennsylvania, it is not difficult to imagine the arguments that can be made in opposition.

spirited and harassing of the witness as not to be tolerable. Without discussing the details of the deposition, the Court notes as examples of the meanness and harassment the following:

Transcript, page 13, line 9, to page 23, line 16;

Transcript, page 32, line 8, to page 45, line 25;

Transcript, page 56, line 12, to page 71, line 25;

Transcript, page 75, line 7, to page 77, line 15; and

Transcript, page 92, line 9, to page 102, line 14.

Accordingly, it is ORDERED that the motion to terminate the Lewis deposition is GRANTED.

It is FURTHER ORDERED that the Clerk strike all pleadings in this miscellaneous file which were filed by plaintiff *pro se.*